UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                               Case No. 15-CR-0081

GROVER C. FERGUSON,

        Defendant.

**ORDER GRANTING GOVERNMENT'S MOTION FOR
IMPOSITION OF CONDITIONS OF SUPERVISED RELEASE AND OTHER RELIEF**

Defendant Grover Ferguson was charged in federal court with committing the crimes of Armed Carjacking Causing Serious Injury, in violation of 18 U.S.C. § 2119(2); and Discharging a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c). The case was originally assigned to Judge Rudolph Randa of this district. On August 20, 2015, Ferguson pleaded guilty to both charges and a sentencing hearing was scheduled for December 3, 2015.

Shortly before the sentencing, Ferguson filed objections and proposed modifications to the proposed conditions of supervised release that were included in the Presentence Investigation Report. The sentencing nevertheless went forward on December 3, 2015. At the outset of the sentencing, the parties also informed the court that they had not yet settled the amount of restitution and requested that it be set out 90 days pursuant to 18 U.S.C. § 3664(b)(5). The request was granted by the court and the parties proceeded to make their sentencing arguments.

Given the nature of the crime and the seriously injured victim, the sentencing hearing was both lengthy and emotional. After hearing from the parties, the court imposed a sentence of ninety-six months of imprisonment on Count one, and forty-two years of imprisonment on Count two, to

run consecutively, for a total of fifty years of imprisonment. The court also imposed five years of supervised release on each count, to run concurrently, for a total supervised release term of five years. The court did not, however, determine the conditions of supervised release at that time. Instead, the court directed the government to review the defendant's objections and proposed modifications, and advise the court as to its position. The court then anticipated that it would rule in writing and set the conditions, keeping in mind the length of the sentence, as well as the recent Seventh Circuit cases addressing conditions of supervised release. *See e.g., United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014); *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015); and *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015). At the close of the hearing, counsel for the defendant then asked if the court intended to delay issuing the judgment until the conditions of supervised release were finalized. The court responded that it did not want to delay any appeal the defendant might file and so would promptly enter judgment with the understanding that an amended judgment would be entered after the conditions of supervision were determined.

Judgment was entered on December 9, 2015. With respect to the conditions of supervised release, the judgment stated that the conditions are to be determined and that an amended judgment would be entered. Likewise, the court indicated that the determination of restitution was deferred for 90 days, or until March 2, 2016, again indicating that an amended judgment would be entered after such determination. On December 11, 2015, Ferguson filed his notice of appeal.

In the meantime, Judge Randa became ill, and the case was transferred to the undersigned. Following a status conference on the matter, the Government filed a motion for the imposition of a limited set of conditions of supervised release; for finalization of the amount of restitution; and for issuance of an amended judgment on February 4, 2016. In its motion, the Government asked

2

that the court impose only 3 conditions of supervised release, given the length of the sentence imposed by Judge Randa. The Government proposes that any further conditions be deferred until the defendant's release from prison. The three conditions the Government has imposed are as follows:

1) Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to his supervising probation officer in the district to which the defendant has been released, and shall further report to his supervising probation officer in a manner and frequency as may be directed by the court or his supervising probation officer;

2) The defendant shall not commit another federal, state, or local crime;

3) The defendant shall not illegally possess or unlawfully use any controlled substances.

In addition to these three conditions, the Government proposes that the court insert the following language in the amended judgment:

In light of the length of defendant's custodial sentence, the court concludes that additional conditions, if any, are best left for further consideration at such time as the defendant may become eligible for release from the custodial portion of the Court's sentence. This includes, if appropriate, a payment plan for the balance of restitution.

Although the proposed conditions requested by the Government are almost the same as those proposed by Ferguson prior to sentencing, the defendant now objects on the ground that the court lacks jurisdiction to impose any conditions of supervision given his appeal. Ferguson contends that the filing of a notice of appeal transfers exclusive jurisdiction over the case to the Court of Appeals and, as such, this Court is divested of control or any authority over those aspects of the case involved in the appeal.

3

Having reviewed the authority cited by the parties, I conclude that the court retains jurisdiction to modify, reduce, or enlarge conditions of supervised release. Although, as a general rule, the court would lose jurisdiction over all such matters, the Seventh Circuit has noted the exception involving conditions of supervised release. In *United States v Ramer*, 787 F.3d 837 (7th Cir. 2015), the court held that 18 U.S.C. § 3583(e)(2) "authorizes a district court to modify conditions of supervised release even while a direct appeal from the conviction and sentence is pending." *Id.* at 838. In reaching this decision, the court noted that it was agreeing with the First Circuit's conclusion in *United States v. D'amario*, 412 F.3d 253, 255 (1st Cir. 2005), that a district court retains jurisdiction to modify conditions of supervised release while an appeal is pending. In *D'amario*, the court noted that in § 3583(e)(2) Congress had expressly authorized the district court to retain jurisdiction over and supervise the release of convicted defendants, including during the pendency of their appeals. 412 F.3d 455. Any other rule would render the district court powerless to impose necessary modifications of supervised release throughout the period of time that a defendant's appeal would be pending.

Accordingly, the Court concludes that it does have authority to impose conditions of supervised release and intends to impose the conditions recommended by the Government in an amended judgment, once a determination of the restitution amount is made. The defendant concedes the Court's authority to determine restitution and amend the judgment to reflect that determination. Of course, the defendant has a right to be present during the pronouncement of his entire sentence, including the conditions of supervised release. *See Kappes*, 782 F.3d at 862. Counsel for the defendant should therefore advise the Court and the Government on or before February 17, 2016, whether his client wishes to waive his right to be present and instead appear by

4

telephone for pronouncement of the limited set of supervised release conditions that have been proposed. The Government will then have sufficient time to return the defendant to court for pronouncement of sentence if necessary.

    **SO ORDERED** this __11th__ day of February, 2016.

                                            s/ William C. Griesbach
                                            William C. Griesbach, Chief Judge
                                            United States District Court